## NATHANIEL TOWNSEND *v.* PALMS and JOHN L. LEWIS.

The sheriff charged two dollars per diem for taking care of real property. The district judge reduced the amount to one dollar per diem. The sheriff appealed. The law provides no compensation to the sheriff for taking care of real property. *Held :* The amount allowed was warranted by the evidence,

By the Court: It seems to us that, under the constitutional provision, (art. 71) we are not authorized to reverse the judgment of the district court unless we should find it to be contrary to evidence, as in any ordinary action.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J.   J. *Blodget Britton*, for plaintiff.   *Grymes*, for defendants.   By the court:

EUSTIS, C. J.   This appeal is taken by *John L. Lewis*, who was the Sheriff of the Parish of Orleans, from a judgment of the Court of the Third District of New Orleans, giving him the sum of five hundred and eleven dollars, instead of the sum of one thousand and twenty-two dollars, claimed by him from *Townsend*, the plaintiff in this suit, for keeping, during five hundred and eleven days, certain buildings and improvements, together with the machinery of a flour mill, on certain lots at the corner of Esplanade and Levee streets, in New Orleans.

The district judge considered the charge made by the sheriff, of two dollars a day, too high, and reduced it, accordingly, to one dollar a day, which he considered a sufficient and fair allowance.

It appears that, in January, 1850, the sheriff took possession of the establishment known as the Union Flour Mills, under a writ of seizure and sale issued at the instance of the plaintiff.

The proceedings were stayed by an injunction which, in May, 1851, was dissolved, but the costs of the injunction suit and of the executory process were, by the decree of the court, to be paid by the plaintiff, *Townsend*.

The sheriff appointed a guardian to take charge of the property at the instance of the plaintiff himself, and there is no question raised except as to the rate of his compensation.

The article 71 of the Constitution provides, that no court or judge shall make any allowance by way of fee or compensation, in any suit or proceedings, except for the payment of such fees to ministerial officers as may be established by law.

There is no provision for the compensation to the sheriff for taking care of real property under seizure, made in any of our statutes, that we can find. The fee bill of 1846 refers to the discretion of the court, the compensation of sheriffs for keeping personal property and slaves legally in the hands of the sheriff, provided that the charge for keeping slaves does not exceed twenty-five cents per day. Acts of 1846, p. 53.

It seems to us that, under this constitutional provision, we are not authorized to reverse the judgment of the district court, unless we should find it to be contrary to evidence, as in any ordinary action.   We cannot recognize the usage of allowing the sheriff two dollars a day for services of this kind, the law making no allowance, by way of fee or fixed compensation, for such services.   We cannot say the judgment appealed from is not warranted by the evidence in this

particular case, nor do we think proper to reverse it on a point which involves, in a good degree, the exercise of a sound judicial discretion. The question decided, appears to be one of fact exclusively.

The judgment of the district court is therefore affirmed, with costs.